IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA C. DEBORD )
)
Plaintiff, ) Case No. 10-CV-4055 WEB/KMH
)
v. )
)
MERCY HEALTH SYSTEM OF KANSAS, INC., )
)
and )
)
LEONARD WEAVER, )
)
Defendants. )

## COMPLAINT

Comes now the Plaintiff, Sara Debord, by and through her counsel of record, and for her cause of action against Defendants, alleges and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Court has jurisdiction over this controversy pursuant to 42 U.S.C. § 2000e-16(c) as well as 42 U.S.C. § 2000e-5.

2. Venue is proper in this Court pursuant to 42 U.S.C.§ 2000e(f(3) because the unlawful employment practices alleged in the complaint were committed within Montgomery County, Kansas, which lies within the District of Kansas. In addition, the defendant has minimum contacts with the District of Kansas and the State of Kansas.

## PARTIES

3. Plaintiff Sara C. Debord is a female citizen of the United States, and resides in Fredonia, Kansas. She was employed by the Defendant Mercy Health Systems at Mercy

Hospital in Independence, Kansas from March 2004 until her termination on July13, 2009, as a Nuclear Medicine Technician/Radiologic Technologist.

4. Defendant Mercy Health System of Kansas, Inc. is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et. seq. ("Title VII").

5. Defendant Leonard Weaver is an individual and resident of the state of Kansas, within this judicial district.

**GENERAL ALLEGATIONS**

6. During her employment with defendant, from approximately August 2004 through July 2009, Ms. DeBord was subjected to unwelcome touchings, sexual advances, and sexually inappropriate comments from her supervisor, Leonard Weaver.

7. For example, Weaver once stated to her, "If no one would ever find out, would you consider sleeping with someone like me?" She immediately responded by stating, "no."

8. Weaver also stared at and made regular comments about her breasts. This included pulling down her shirt in the front so that he could look at her breasts.

9. Weaver also made numerous comments about her appearance and body, such telling her she had, "a really nice butt," and, "your butt looks so good I almost slapped it."

10. Ms. DeBord was also touched and rubbed almost daily. The touching included tickling her, rubbing her arms, and rubbing her neck.

11. Ms. DeBord always informed Weaver that his advances were unwelcome, either by pulling away, or verbally telling me not to touch her, but his misconduct continued unabated.

12. Weaver would make excuses for touching Ms. DeBord, and other female subordinates, such as by stating, "feel how cold my hands are," and then proceed to touch inside her shirt, such as up her sleeve, or down the neck of her shirts. Nearly all of the women in Ms. DeBord's department were recipients of this unwelcome behavior.

13. On or about July 6, 2009, Weaver approached Ms. DeBord in her work area, a small room, and wrapped his arms around her, attempting to give her a hug.

14. On that same day, Ms. Debord posted a comment on her Facebook page, indirectly referring to Weaver's unwelcome touching, which stated in part that he needed to "keep his creepy hands off" of her.

15. Later that same day, Weaver reported this comments to the hospital's Human Resources Department.

16. Ms. DeBord was then questioned about this comment by a member of the Human Resources staff Eric Ammons. She responded by telling him that Weaver was always touching her, and other female employees in her department.

17. On July 9, 2009, Mercy Health suspended Ms. DeBord for one day, because of her comments and complaints about her supervisor.

18. On that same day, a member of the hospital's management, Lana Brewster, called Ms. DeBord into her office and questioned her about her complaint of sexual harassment. Ms. DeBord provided her with several specific examples.

19. On Monday, July 13, 2009 Ms. DeBord was called into the Human Resources Department by Eric Ammons and told she was being terminated for "disruption."

20. Weaver had harassed other women at the Mercy Hospital for a number of

years, including Charlene Newton, an x-ray technician, who was forced to resign because of sexual harassment.

21. Ms. DeBord timely filed with Kansas Human Rights Commission and United States Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against Mercy Hospital. A copy of said charge is attached hereto as Exhibit "A."

22. On or about March 1, 2010, Ms. DeBord received from the EEOC a "Notice of Right to Sue" entitling her to commence an action regarding her claims within 90 days of her receipt of that notice. A copy of said notice is attached hereto as Exhibit "B." This action has been commenced within 90 days of her receipt of this notice.

23. Ms. DeBord has therefore exhausted all required administrative remedies prior to the commencement of this legal action.

**COUNT I**

**SEX DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, AND THE CIVIL RIGHTS ACT OF 1991**

24. Ms. Debord realleges and incorporates by reference the allegations contained in paragraphs 1 through 23.

25. During the course of plaintiff's employment defendant's representatives, acting within the scope and course of employment, engaged in a pattern and practice of intentional discrimination, retaliation, and sexual harassment against plaintiff, based on her sex, in violation of § 703(a) of Title VII, 42 U.S.C.§ 2000e-2(a) and § 2000e-3(a).

26. The defendant's harassment had the purpose and effect of unreasonably interfering with plaintiffs' work performance thereby creating an intimidating, hostile and

offensive working environment.

27. Defendant Mercy Hospital is directly liable for the acts and harassment of Leonard Weaver, who was Ms. DeBord's supervisor.

28. In addition, Mr. Weaver's conduct is imputed to Defendant because it was negligent by failing to monitor, prevent or remedy an offensive work environment of which management level employees knew, and/or in the exercise of reasonable care should have known.

29. Defendant's conduct has caused Ms. DeBord to suffer mental anguish, inconvenience, and loss of enjoyment of life.

30. Defendant's conduct further deprived Ms. DeBord of income, as well as other monetary and non-monetary benefits.

31. Defendant engaged in these discriminatory practices with malice or with reckless indifference to Ms. DeBord's federally protected rights.

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against defendant for such damages as are fair and reasonable, for her reasonable attorneys' fees and costs incurred herein, for expert witness fees, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

**COUNT II**

**TITLE VII – RETALIATION**

32. Ms. DeBord realleges and incorporates by reference the allegations contained in Paragraphs 1 through 31.

33. Ms. DeBord engaged in an activity protected by Title VII -- namely, complaining

about sexual harassment.

34. As a result of engaging in the protected activity, she suffered adverse employment consequences including being suspended without pay, and then terminated.

35. Mercy Hospital's actions have caused Ms. DeBord to suffer a loss of self-esteem, mental anguish, emotional distress, and humiliation.

36. Mercy Hospital engaged in these discriminatory practices with malice or with reckless indifference to Ms. DeBord's federally protected rights. Ms. DeBord is therefore entitled to an award of punitive damages in an amount sufficient to punish Mercy Hospital and to deter it and other corporations from engaging in similar conduct.

37. Ms. DeBord is entitled to equitable reinstatement or front pay and recovery of her reasonable attorneys' fees as provided in Section 706(k) of Title VII, 42 U.S.C. § 2000e-5(k).

WHEREFORE, Ms. DeBord requests that the Court enter judgment in her favor and against Mercy Hospital for such damages -- actual, nominal and punitive -- as are fair and reasonable; award her reasonable attorneys' fees and costs incurred herein; award her interest as allowed by law; and award for such other further relief as the Court deems proper.

## COUNT III

## ASSAULT
**Against Defendant Leonard Weaver**

38. Ms. DeBord realleges and incorporates by reference the allegations contained in Paragraphs 1 through 37.

39. On July 6, 2009, Defendant Weaver approached Ms. DeBord in her work area, and wrapped his arms around her, while pressing his body against hers.

40. Weaver's conduct was an intentional threat or attempt, coupled with apparent ability, to do bodily harm to Ms. Debord, which placed her in immediate apprehension of bodily harm.

41. As a direct and proximate result of Weaver's offensive contact, Ms. DeBord suffered emotional distress, fear, and humiliation.

42. Weaver committed this offensive contact in a willful and wanton manner, such as to entitle Ms. DeBord to punitive damages.

43. Defendant Mercy Hospital later ratified and condoned Weaver's offensive contact of Ms. DeBord.

Wherefore, Plaintiff prays for judgment against Defendant Weaver for such actual and punitive damages as are fair and reasonable, for interest on the judgment, and for such further relief as to the Court seems just and equitable.

**COUNT IV**

**BATTERY**
**Against Defendant Leonard Weaver**

44. Ms. DeBord realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43.

45. On July 6, 2009, Defendant Weaver approached Ms. DeBord in her work area, wrapped his arms around her, while pressing his body against hers.

46. Weaver thus engaged in an unprivileged touching of Ms. Debord's body, with the intent of bringing about either a contact or an apprehension of contact, which was harmful or offensive.

47. As a direct and proximate result of Weaver's offensive contact, Ms. DeBord

suffered emotional distress, fear, and humiliation.

48. Weaver committed this offensive contact in a willful and wanton manner, such as to entitle Ms. DeBord to punitive damages.

49. Defendant Mercy Hospital later ratified and condoned Weaver's offensive contact of Ms. DeBord.

Wherefore, Plaintiff prays for judgment against Defendant Weaver for such actual and punitive damages as are fair and reasonable, for interest on the judgment, and for such further relief as to the Court seems just and equitable.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b) and (c), plaintiff hereby requests a trial by jury on all counts of her Complaint so triable.

Respectfully submitted,

**THE POPHAM LAW FIRM**

By: s/Mark A. Buchanan
Mark A. Buchanan, Ks. Bar # 13110
712 Broadway, Suite 100
Kansas City, MO 64105
(816) 221-2288
(816) 221-3999 (FAX)

Ms. Mary T. Malicoat, # 16087
Law Office of Mary T. Malicoat, LLC
6505 E. Central Ave., Suite 310
Wichita, KS 67206
(316) 612-7461

Attorneys for Plaintiff

**DESIGNATION OF PLACE OF TRIAL**

Comes now the plaintiff, and hereby designates Topeka, Kansas as the place of trial.

s/Mark A. Buchanan