**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SARA C. DEBORD, )
)
        **Plaintiff,** )
)
v. )   Case No. 10-4055-WEB
)
MERCY HEALTH SYSTEM OF )
KANSAS, INC. and )
LEONARD WEAVER, )
)
        **Defendants.** )
)
)

## MEMORANDUM AND ORDER

      This employment discrimination lawsuit is before the court on defendants' motion to compel plaintiff to produce documents responsive to Production Request Number 3. (Doc. 52). Specifically, defendants request all documents "reflecting [plaintiff's] Facebook communications from January 1, 2004 to the present that *relate to any event alleged in [plaintiff's] complaint.* (Doc. 52, p. 7, emphasis added). Defendant contends that plaintiff agreed to produce documents responsive to Request Number 3 but that no documents have been produced as of the date the motion was filed.

      Plaintiff opposes the motion to compel, arguing that the responsive Facebook posts were in the "EEOC investigation file" which she provided to defendant. Defendants filed no reply challenging this representation; therefore, the question of compelling production is

MOOT. The court's involvement in this discovery dispute was unnecessary and plaintiff's counsel is admonished to timely respond to "Golden Rule Letters" seeking to resolve discovery issues.[1]

**IT IS THEREFORE ORDERED** that defendants' motion to compel (**Doc. 52**) is **MOOT** based on plaintiff's representation that the Facebook documents responsive to

---

[1]

Various attachments submitted to the court raise issues concerning plaintiff counsel's communications with ***opposing counsel and plaintiff.*** Defense counsel sent a December 10, 2010 "Golden Rule Letter" to plaintiff's counsel concerning discovery disputes. When no timely response was provided, defense counsel sent a "fax" inquiry to plaintiff's counsel in late December. Plaintiff's counsel responded to the fax with a December 28 email, explaining he was on vacation and complaining that defendant had violated D. Kan. Rule 37.[2] by not following the letter and fax with a call or an email message. It is unprofessional to ignore a "Golden Rule Letter" and then complain that opposing counsel failed to make a sufficient effort to confer. The "duty to confer" in D. Kan. Rule 37.2 contemplates good faith efforts by ***all*** counsel to communicate and confer.

Plaintiff's response brief also argues that defendants' request for her Facebook postings "from 2004 through 2009, regardless of whether they have any bearing on the allegations in the complaint," . . . should be denied because the request is overly broad and includes irrelevant personal information. (Doc. 61, p. 3, filed **January 26, 2011**). However, on March 11, 2011, plaintiff's counsel emailed the court that Ms. DeBord testified during her **February 23, 2011** deposition that she first established her Facebook account in 2009. Based on this "additional information," counsel advised that the court did not need to address the period of time when plaintiff did not have a Facebook account. The apparent recent discovery by plaintiff's counsel that Ms. DeBord did not have a Facebook account until 2009 raises troubling concerns about counsel's communications with his own client. Counsel for all parties are admonished to review F.R.Civ.P. 26(g) and the certification an attorney makes when signing a discovery request, response, or objection.

Production Request Number 3 have been produced.[2]

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 15th day of March 2011.

S/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[2] Plaintiff digresses into an argument that a request for "all" Facebook postings is overly broad and an invasion of privacy. However, the court finds nothing in the motion to compel suggesting that defendants seek to compel "all" Facebook postings. Production Request Number 3 seeks only Facebook postings that relate to events alleged in the complaint.