IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA C. DEBORD,

        Plaintiff,

v.                            Case No. 10-4055-SAC

MERCY HEALTH SYSTEM OF KANSAS, INC.,
and LEONARD WEAVER,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the Court on defendant Leonard Weaver's motion to amend the pretrial order to add a counterclaim for false light invasion of privacy.

The pretrial order was filed on September 8, 2011. Defendant Weaver filed this motion to amend the pretrial order on September 23, 2011. Plaintiff's first knowledge that defendant desired to add a claim for invasion of privacy was when defendant emailed a draft of the pretrial order to her counsel on August 26, 2011. Defendant raised the issue during the parties' telephone pretrial conference on September 2, 2011, and the Magistrate Judge ordered him to file a motion to amend the pretrial order if he desired to add the invasion of privacy claim. The pretrial order includes defendant Weaver's counterclaim for defamation, which he first asserted in October of 2010, and timely amended on August 9, 2011.

The purpose of the pretrial order is to "insure the economical and efficient trial of every case on its merits without chance or surprise." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002). It defines the issues and defenses of the lawsuit, both in the trial court and on appeal. *Id.* at 1208.

> ... a pretrial order controls "the subsequent course of the action unless modified by a subsequent order." Rule 16's purpose, however, is "to avoid surprise, not foment it." *Wilson v. Muckala,* 303 F.3d 1207, 1216 (10th Cir.2002).

*Palace Exploration Co. v. Petroleum Development Co.*, 316 F.3d 1110, 1117 (10th Cir. 2003).

Defendant Weaver contends that his proposed invasion of privacy claim relies on the same facts and subject matter as does his defamation claim; that the amendment will not prejudice the plaintiff; and that his amendment should be liberally allowed under Rule 15. Plaintiff responds that she had no timely notice of defendant's intent to make this counterclaim; that she would be prejudiced by her lack of opportunity to conduct discovery on the proposed claim's element of publication; and that the proposed amendment fails to meet Rule 16's requirement that scheduling orders be modified only for good cause. *See* Rule 16(b)(4).[1]

---

[1] Plaintiff additionally contends that the matters published were substantially true, warranting dismissal of the invasion of privacy claim and denial of leave to amend because of the proposed amendment's futility. The Court does not reach this issue.

The Federal Rules provide that leave to amend pleadings shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). But the pretrial order is not a pleading. *See* Rule 7(a) (defining pleadings). Even if a pretrial order were construed to be a pleading, the closer one gets to trial, the more difficult it is to show that justice requires an amendment. As the Tenth Circuit has noted: "[t]he longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.' (Citation omitted.)" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006). The standard for amendment, although liberal for pleadings, requires good cause once a scheduling order is entered, and is raised even higher once a pretrial order is entered. Pretrial orders may be amended only to prevent manifest injustice.

> … The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

Fed. R. Civ. Pro. 16(e). The moving party bears the burden to show manifest injustice absent an amendment to the pretrial order. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000).

Although the standard for amendment becomes progressively more stringent the closer one gets to trial, the Tenth Circuit applies essentially the same factors in reviewing for an abuse of discretion, whether resolving a motion to amend a pleading or a motion to amend a pretrial order. *Compare Davey*, 301 F.3d at 1210 (applying factors in reviewing district court's denial

3

of a motion to amend a pretrial order); *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) (applying factors in reviewing district court's denial of motion to amend a complaint). Those factors are:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order. *Koch,* 203 F.3d at 1222. We also take into consideration the timeliness of the movant's motion to amend the order. *See id.* at 1223.

*Davey,* 301 F.3d at 1210. This Court, however, has no need to consider each factor in determining the presence of manifest injustice. *Koch,* 203 F.3d at 1222, 1222 n. 10.

Consistently, the Tenth Circuit recognizes the "rough similarity between the 'good cause' standard of Rule 16(b) and [its] 'undue delay' analysis under Rule 15." *Minter,* 451 F.3d at 1205 n. 4. The good cause standard of Rule 16 "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n. 4. *See SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990) (requiring "good cause" to add counterclaims asserted after the scheduling order deadline). Similarly, the undue delay analysis under Rule 15 requires the movant to adequately explain the delay. *Minter,* 451 F.3d at 1205-1206. The

manifest injustice standard has not been usefully defined or described,[2] but it is a "stringent standard"[3] that demands an acceptable explanation for the movant's tardiness. It is not met where the movant knew of the evidence or issue but remained silent at the pretrial conference. *See Joseph Mfg. Co., Inc. v. Olympic Fire Corp.,* 986 F.2d 416, 420 (10th Cir. 1993) (citing 6A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1527, at 287-89 (1990)). Conversely, amendment may be proper if the movant shows that "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline by the exercise of diligence. *Masek Distrib., Inc. v. First State Bank & Trust Co.,* 908 F.Supp. 856, 858 (D.Kan. 1995).

The Tenth Circuit, even when applying Rule 15's liberal standard, has repeatedly and expressly stated that it focuses primarily on the reasons for the delay.

> Some circuits hold that an amendment may be denied for undue delay only if the trial court finds prejudice, bad faith, futility, or (in some circuits) a substantial burden on the court. This Circuit, however, focuses primarily on the reasons for the delay. We have held that denial of leave to amend is appropriate "when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir.1993); *see also Durham v. Xerox Corp.,* 18 F.3d 836, 840 (10th Cir.1994) ("[U]nexplained delay alone justifies the district court's discretionary decision."); *Fed. Ins.*

---

[2] Cf *DeVargas v. Mason & Hanger-Silas Mason Co., Inc.,* 911 F.2d 1377, 1389 n. 10 (10th Cir.1990) "[W]e are inclined to agree with Justice Scalia's criticism that 'manifest injustice' means 'almost anything' and is in fact nothing more than 'a surrogate for policy preferences (referring to the term in the criminal justice context).

[3] Advisory Committee Note to Rule 16(e).

*Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) ("Courts have denied leave to amend in situations where the moving party cannot demonstrate excusable neglect. For example, courts have denied leave to amend where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.").

*Minter*, 451 F.3d at 1205-1206 (applying Rule 15(a) and affirming district court's decision to strike new products liability claim from a pretrial order). *See Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006) ("When determining whether a newly raised claim is untimely under Rule 15(a), "[t]his Circuit … focuses primarily on the reasons for the delay."); *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994).

Although unexplained delay alone justifies denial of leave to amend, nowhere in defendant Weaver's motion to amend or in his eleven-page reply brief does he offer any explanation for his delay. Instead, he contends only that he has not *unduly* delayed because: he has not made his claims a moving target; he is not attempting to salvage a failed defamation claim; he is not trying to avoid dismissal; and he has not delayed until the eve of trial. Defendant Weaver had knowledge of the facts giving rise to an invasion of privacy claim, if any, no later than October 5, 2010, when he filed his motion to add his counterclaim for defamation, yet did not assert that claim in any way to plaintiff or to the court until over ten months later, when the parties were finalizing the pretrial order. Defendant was aware of the facts on which the amendment was based for over eleven months before he moved to amend.

Defendant Weaver additionally contends that Rule 16(e)'s "manifest injustice" standard is met because if he is not permitted to add the invasion of privacy claim, he will not be able to recover any damages for plaintiff's tortious acts. But if such an allegation were sufficient to meet the standard, every motion to add a claim would necessarily be granted and "manifest injustice" would be void of meaning.

The Court disagrees with defendant Weaver's assertion that plaintiff should have construed his defamation claim to state a claim for invasion of privacy as well. The invasion of privacy claim is a new and different legal theory, which plaintiff had no reason to believe had been timely asserted. Both parties agree that despite some similarities between the proposed claim and the defamation claim, proof of the publication elements of the two claims differs. The Court finds prejudice to plaintiff because plaintiff has shown that additional discovery would be required in the event the new claim is added. The prejudice may be cured, however, as the parties could be permitted time to conduct discovery on the matter. Reopening discovery on this issue would be costly to the parties and would disrupt the normal course of pretrial proceedings, even though it may not disrupt the trial itself. Although no bad faith has been shown, no due diligence has been shown either.

The Court has weighed the possible hardships imposed on the respective parties, and has exercised restraint while balancing the need to

7

do justice on the merits between the parties against the need to maintain orderly and efficient procedures. The record shows that approximately eleven months before the pretrial order was filed, defendant Weaver knew all the facts on which the proposed claim is based and knew or should have known of the legal theories that could be asserted based on those facts. Yet defendant Weaver offers no reason for his delay in moving for leave to amend, and so moved only after discovery has been closed, motions for summary judgment have been filed, and the pretrial order has been entered. The Court finds that defendant Weaver has not met his burden to show, under any relevant standard, that his late amendment is warranted.

IT IS THEREFORE ORDERED that defendant Weaver's motion for leave to file an amended pretrial order (Dk. 148) is denied.

Dated this 22nd day of February, 2012 at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge