IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA C. DEBORD,

    Plaintiff,

v.           Case No. 10-4055-SAC

MERCY HEALTH SYSTEM OF KANSAS, INC.,
and LEONARD WEAVER,

    Defendants.

## MEMORANDUM AND ORDER

This case comes before the Court on the motion of Defendant Mercy Health System of Kansas under Rule 59(e) to amend the judgment so that it may file a bill of costs. Dk. 175. Defendant seeks to alter the judgment only to the extent the judgment ordered each party to bear its own costs of the action. Dk. 169.

The need to correct clear error warrants a motion under Rule 59(e). *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000)). A request for costs does not typically fall under Rule 59(e). *See Buchanan v. Stanships, Inc.,* 485 U.S. 265, at 268–69 (1988) ("a request for costs raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule 59(e) was not intended to apply."). *Lintz v. American General Finance, Inc.,* 203 F.R.D. 486, 488 (D.Kan. 2001). Nonetheless, because the parties have had no prior opportunity to address this issue, and the court erred in not addressing it *sua sponte* before entering judgment, it finds this

timely motion to be an appropriate vehicle by which to reconsider its assessment of costs.

Rule 54(d)(1) provides in relevant part that costs "shall be allowed as of course to the prevailing party[1] unless the court otherwise directs."

> The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court. *Homestake Mining Co. v. Mid-Continent Exploration Co.*, 282 F.2d 787, 804 (10th Cir.1960). However, this discretion is limited in two ways. "First, it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Cantrell v. IBEW Local 2021*, 69 F.3d 456, 458-59 (10th Cir. 1995). Second, the district court must provide a valid reason for not awarding costs. *Id.* at 459.

*Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 722 (10th Cir. 2000). The Court takes this belated opportunity to state its preexisting reason for having decided not to award costs.

"A prevailing party, for purposes of Rule 54(d), is a party in whose favor judgment is rendered." *All West Pet Supply Co. v. Hill's Pet Products Div., Colgate-Palmolive Co.*, 153 F.R.D. 667, 668 (D. Kan. 1994). Here, on cross-motions for summary judgment, Mercy prevailed against Plaintiff's Title VII claims; Plaintiff prevailed against defendant Weaver's counterclaim for defamation; and defendant Weaver prevailed against Plaintiff's pendent state-law claim for assault and battery. The judgment ordered the Plaintiff and counterclaimant to recover nothing, and ordered all parties to bear their own costs.

---

[1] A prevailing party for purposes of costs is not necessarily a prevailing party for purposes of attorneys' fees in civil rights cases. *See Thorpe v. Ancell*, 367 Fed.Appx. 914 (10th Cir. 2010) (discussing cases).

2

The Court, in the exercise of its discretion, required each party to bear its own costs because each party had prevailed on at least one claim or defense. See *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10th Cir. 1990) (upholding district court's exercise of discretion where "both parties have 'prevailed' on at least one claim."); *Wessel v. Enersys, Inc.*, 2005 WL 2387600, 4 -5 (D.Kan. 2005); *Rogers v. United States,* 2000 WL 382015, 2 (D.Kan. 2000) (denying costs to both parties where each prevailed on at least one claim); *All West Pet Supply Co. v. Hill's Pet Prods. Div.*, 153 F.R.D. 667, 670 (D.Kan. 1994) (exercising discretion not to award costs to any party since each prevailed in part). *See also Johnson v. Nordstrom–Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir. 1980) ("Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in ordering each party to bear its own costs.").

The Court recognizes that Mercy is unique in that it was the sole party that did not lose on any claims or counterclaims, yet it was the only party to assert no claims. Mercy and Weaver were jointly represented at all times; Weaver lost on his defamation counterclaim, and his litigation expenses were presumably jointly incurred with Mercy's. But even if their expenses were separately itemized, Weaver's unsuccessful defamation counterclaim was not factually independent from Mercy's successful sexual harassment defense, but arose out of the same underlying facts which Mercy relied on to counter

3

Plaintiff's sexual harassment claim. The statements which Plaintiff made and Weaver claimed were defamatory were some of the same statements which Mercy claimed created a legitimate business reason for Plaintiff's termination. It would therefore be impracticable to grant an award of costs to Mercy as a prevailing party, while denying costs to Weaver as a losing party. *See All West Pet Supply Co.,* 153 F.R.D. at 669.

Fully aware of the unique posture of the parties due to the overlapping operative facts underlying the claims in this case, the Court continues to believe, as it did on the date of the judgment, that justice is best served in this case by having each party bear its own costs.

IT IS THEREFORE ORDERED that Defendant Mercy Health System of Kansas's motion under Rule 59(e) to amend the judgment so that it may file a bill of costs (Dk. 175) is denied.

Dated this 17th day of April, 2012 at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge