IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SARA C. DEBORD,

        Plaintiff,

    v.                                      Case No. 10-4055-SAC

MERCY HEALTH SYSTEM OF KANSAS, INC.,
and LEONARD WEAVER,

        Defendants.

MEMORANDUM AND ORDER

This case comes before the court on Plaintiff's motion to retax the costs to the Defendant[1] (Dk. 194). The Court construes this as a motion for review of costs taxed by the Clerk pursuant to D.Kan.Rule 54.1(c). Defendant has responded and has moved for additional costs (Dk. 195), to which Plaintiff objects (Dk. 196).

**Burden of Proof/Standard of Review**

A trial court reviews de novo the clerk's assessment of costs to ensure that it is reasonable. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 232–33, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The party seeking an award of costs bears the burden of showing the necessity of the costs incurred. *Allison v. Bank One—Denver,* 289 F.3d 1223, 1248 (10th Cir. 2002). If the prevailing party carries that burden, a presumption arises in favor of taxing

---

[1] The Court refers to "Defendant" for purposes of convenience, as do the parties.

those costs. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996). A "district court has broad discretion to award costs," *Cantrell v. International Brotherhood of Electrical Workers, AFL–CIO, Local 2021*, 69 F.3d 456, 458 (10th Cir. 1995), but must provide a valid reason for not awarding costs to a prevailing party, *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550–51 (10th Cir. 1987).

The statutory basis for the award of costs is 28 U.S.C. § 1920, which provides for the following items of cost to be taxed:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendant Leonard Weaver was represented throughout the proceedings by the same counsel that represented Defendant Mercy Health System of Kansas, Inc. After judgment was entered, only one Bill of Costs was filed - by Defendant Mercy Health System of Kansas, Inc. But it is

2

apparent that this Bill of Costs also includes amounts incurred in prosecuting Defendant Leonard Weaver's counterclaim for defamation, as well as amounts incurred in defending against Plaintiff's claims of Title VII violations and of assault and battery.

**Partial Success**

Plaintiff's sole contention is that the Court should reduce Defendant's award of costs because Defendant did not prevail on its Counterclaim for Weaver. Plaintiff contends that Defendant's award of costs as a prevailing party under Fed.R.Civ. Pro 54(d) should be reduced by 30% because Weaver should not receive costs for prosecuting its meritless counterclaim, even though some of the facts involved in that prosecuting that counterclaim overlapped with Mercy's successful defense of Plaintiff's Title VII claims.

As the Tenth Circuit noted in this case, "… overlapping facts may justify deducting some costs during the taxing process, but it is not a basis for altogether denying a prevailing party costs." *Debord v. Mercy Health Sys. of Kansas, Inc.*, 737 F.3d 642, 660 (10th Cir. 2013). Reducing the size of the prevailing party's award to reflect its partial success is a common practice in the Tenth Circuit. *See e.g.*, *Barber v. Williamson,* 254 F.3d 1223, 1234 (10th Cir. 2001); *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1526 (10th Cir. 1997) (finding "a denial of costs does not constitute an abuse of discretion when the prevailing party is only partially successful."); *Howell Petroleum Corp. v. Samson Res. Co.,* 903 F.2d 778, 783 (10th Cir. 1990). *Cf*, *BP Pipelines (N.*

*Am.) Inc. v. C.D. Brown Const., Inc.*, 473 F. App'x 818, 836 (10th Cir. 2012) (holding that overlapping facts justified 40% reduction of attorneys' fees represented by block billing).

Defendant has not presented any evidence as to what portion of the costs assessed by the clerk represent expenses attributable to its successful summary judgment motion, as opposed to its unsuccessful counterclaim. Its Bill of Costs does not distinguish between costs incurred in prosecuting the groundless counterclaim, including depositions, copies, subpoenas or exhibits used in connection with Weaver's motion for summary judgment on that claim.

Defendant asserts that it would have incurred the same costs even absent the counterclaim, but makes no attempt to verify that conclusory statement. The record reflects instead that the depositions of at least the following persons included substantial testimony relative to the failed counterclaim: Plaintiff, Kari Dunham, Tena Walsh, Heather Boss, Melissa Stewart, Terri Wilson, Dr. Herrin, and Leonard Weaver. Summary judgment motions included extensive briefing of the issue of defamation and the counterclaim was decided at summary judgment based on the element of harm to Weaver's reputation – an issue not relevant to Plaintiff's Title VII claim. Absent the counterclaim, numerous deposition transcripts would have been significantly shorter and fewer exhibits would have been reproduced, and it is possible that the depositions of some witnesses (such as Dr. Herrin)

would have been unnecessary. Given these circumstances, the Court finds a reduction of costs to be warranted to account for the Defendant's overall degree of success and failure in the lawsuit. *See Barber,* 254 F.3d at 1234 (finding the Court may reduce an award of taxable costs to reflect only partial success).

Because the nature of the case precludes precise retroactive attribution of particular costs to one claim or another, the Court finds it appropriate to make an across-the-board reduction to the total costs. This is a common practice in this and other jurisdictions. *See e.g.*, *Bell v. Board of County Com'rs of Jefferson County*, 2007 WL 1411613, 3 (D.Kan. 2007) (reducing defendant's award of costs by 10% to fairly compensate each party's partial success); *Pierce v. County of Orange*, 905 F.Supp.2d 1017, 1049 (C.D.Cal. 2012) (finding a 30% reduction of one-half of Plaintiffs' costs necessary to reasonably approximate the degree of Plaintiffs' success on their constitutional claims); *Navarro v. General Nutrition Corp.*, 2004 WL 2648373, 17 (N.D.Cal. 2004) (recommending a 35 % reduction in the costs to compensate for the limited degree of success); *Noble v. Herrington*, 732 F.Supp. 114, 118 (D.D.C. 1989) (reducing costs by 80% to account for the limited nature of plaintiff's success); *E.E.O.C. v. Colgate-Palmolive Co.*, 617 F.Supp. 843, 844 (D.C.N.Y. 1985) (permitting EEOC to recover one-third of its costs and Colgate to recover two-thirds of its costs to reflect the parties' respective degrees of success on various claims); *Vaughns v. Board of Educ.*

of Prince George's County, 627 F.Supp. 837 (D.Md. 1985) (reducing requested expenses as a whole by 24% to reflect time spent on nonprevailing issues and other not sufficiently necessary expenses); *Quaker Action Group v. Andrus,* 559 F.2d 716, 719 (D.C.Cir. 1977) (reducing costs incurred on appeal by 25% where other party prevailed in some respects; directing the district court to use the same approach for costs below).

Defendant contends that the 30% cost reduction requested by the Plaintiff is speculative and could just as easily be any other percentage. Although this percentage is reasonable based on the authorities cited above, the Court finds that a 20% reduction to account for Defendant Weaver's counterclaim more accurately reflects the parties' relative degrees of success and failure on all the claims made in this case. Accordingly, the Clerk shall reduce the total costs awarded to Defendant by 20%.

**Videotaped Deposition**

Defendant includes in its response a "motion" for this Court to add $1,137.50 for Defendant's cost of videotaping one day of Plaintiff's deposition. Dk. 195. This amount was initially sought by Defendant but was disallowed by the Clerk based on its determination that Defendant had not met its burden to establish the necessity of that videotape. Dk. 192.

**Untimeliness of Motion**

The Clerk taxed costs in this case on March 17, 2014, disallowing the $1,137.50 Defendant now seeks. Defendant filed this motion on April 1,

0214, more than seven days after that taxation of costs. D.Kan. Rule 54.1(c) provides that "the court may review the clerk's action when a party files and serves a motion for review within 7 days of the date the clerk taxes costs." The governing federal rule of civil procedure establishes the same time limit. *See* Fed.R.Civ.Pro. 54(d)(1) ("On motion served within the next 7 days, the court may review the clerk's action."). By negative inference, the Rule precludes later-filed motions for review. *See Johnson v. Simonton Bldg. Products, Inc.*, 2011 WL 3666616 (D.Kan. 2011); *Scofield v. Telecable of Overland Park, Inc.*, 1993 WL 545284 (D.Kan. 1993); *Anderson v. Telecable of Overland Park, Inc.*, 1993 WL 545280, 1 (D.Kan. 1993); *Fleet Inv. Co., Inc. v. Rogers*, 87 F.R.D. 537, 540 (W.D.Okla. 1978), *aff'd*, 620 F.2d 792 (10th Cir. 1980). *See also, Woods Construction Co. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888 (Tenth Cir. 1964). This motion shall therefore be denied as untimely.

**Necessity of Videotaped Deposition**

Alternatively, the Court reaches the merits of Defendant's motion. To justify its request for costs of videotaping one day of Plaintiff's deposition, Defendant contends solely that such videotaping was part of its "vigorous advocacy." Doc. No. 186, p. 8.

If an allegation of "vigorous advocacy" is alone sufficient to meet the standard, costs would never be denied. Defendant admits that it chose not to videotape the second day of Plaintiff's deposition, yet offers no

7

explanation for why it believed it was reasonably necessary to videotape the first day of Plaintiff's deposition. Nor does Defendant offer any reason (such as the Plaintiff's hostility or poor health) for having believed that it was reasonably necessary to videotape Plaintiff on any day. Defendant did not use the videotaped deposition in defending Plaintiff's Title VII claims on summary judgment or in prosecuting its counterclaim. Although actual use is not required, Defendant bears the burden to show that the facts it knew when the deposition was taken made it appear reasonably necessary to record the deposition on videotape.

Defendant contends that it is the Plaintiff who bears the burden to show that Defendant's videotaping was not taxable, but the case cited by Defendant does not support that proposition, stating:

> *If the prevailing party makes a preliminary showing* that its requested costs fall within the categories of recoverable costs enumerated in § 1920, a presumption arises in favor of taxing those costs, and "[t]he burden is on the nonprevailing party to overcome the presumption in favor of the prevailing party." *Cantrell v. IBEW Local 2021,* 69 F.3d 456, 458-59 (10th Cir.1995) (citation omitted).

*Pehr v. Rubbermaid, Inc.*, 196 F.R.D. 404, 407 (D.Kan. 2000) (emphasis added). To make the required "preliminary showing" in this case, Defendant bears the burden to show that the videotape was "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2). For the reasons stated above, the Clerk correctly found that Defendant failed to meet this burden.

IT IS THEREFORE ORDERED that Plaintiff's motion for review (Dk. 194) is granted and that Defendant's motion for review (Dk. 195) is denied. The Clerk of the Court is directed to re-tax costs according to this Order.

Dated this 29th day of April, 2014, at Topeka, Kansas.

s/Sam A. Crow  
Sam A. Crow, U.S. District Senior Judge